**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| PATRICIA R. NELSON, | : | |
| Plaintiff, | : | |
| vs. | | CA 05-00192-C |
| | : | |
| DOLGENCORP, INC., | | |
| | : | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on plaintiff's motion to remand (Doc. 5), the defendant's response in opposition to the motion to remand (Doc. 9), and the parties' oral arguments on June 27, 2005. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings, including disposition of this motion. (Doc. 20 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 21 (order of reference signed by Chief Judge Callie V.S. Granade on June 27, 2005)) Upon consideration of the contents of all pleadings and the parties' arguments, the Court **GRANTS IN PART AND DENIES IN PART** the motion

to remand. Plaintiff's claim for workers' compensation benefits, brought pursuant to Alabama's Workers' Compensation Law (Count One of the First Amended Complaint), is hereby **REMANDED** to the Circuit Court of Escambia County, Alabama from whence it came; however, plaintiff's federal wage and hour claim under the Fair Labor Standards Act of 1938 ("FLSA") (Count Two of the First Amended Complaint) was properly removed to this Court by the defendant and is properly retained by this Court for final disposition.

## FINDINGS OF FACT

1.      On October 13, 2001, plaintiff filed a one-count complaint in the Circuit Court of Escambia County, Alabama against the defendant seeking workers' compensation benefits pursuant to Alabama's Workers' Compensation Law, Ala.Code § 25-5-1, *et seq.* (Doc. 1, NOTICE OF REMOVAL, Exhibit 2, COMPLAINT FOR WORKERS' COMPENSATION BENEFITS) The defendant filed for summary judgment and, on November 21, 2003, the trial court entered summary judgment in favor of Dollar General Corporation. *Nelson v. Dollar General Corp.*, 900 So.2d 1248 (Ala. Civ. App. 2004).[1]   The Alabama Court of Criminal Appeals reversed on November 12, 2004, on the basis that the trial

---

[1]      During all state proceedings the defendant was identified and referred to as Dollar General Corporation; however, in all pleadings in this Court the defendant has corrected that misidentification and reflected the true name of the defendant to be Dolgencorp, Inc. (*Compare id. with* Doc. 1) Dolgencorp, Inc. simply represents a merging of the name Dollar General Corporation.

court's summary-judgment order did not comply with the requirement in Alabama Code § 25-5-88 that a final judgment in a workers' compensation case contain findings of fact and conclusions of law. *Nelson, supra*, 900 So.2d at 1248 & 1249.

2.      On remand, specifically on February 7, 2005, plaintiff filed a motion for leave to amend the complaint to add a claim against defendant under the FLSA. (Doc. 1, NOTICE OF REMOVAL, Exhibit 5, MOTION FOR LEAVE TO AMEND COMPLAINT; *see also id*., Exhibit 8, FIRST AMENDED COMPLAINT) The trial court granted the motion to amend on March 1, 2005. (Doc. 1, Exhibit 7, CASE ACTION SUMMARY SHEET)

3.      Dolgencorp filed its notice of removal on March 29, 2005. (Doc. 1)

2.      Count Two of the Amended Complaint charges the Defendant with participating in a scheme to deny the Plaintiff compensation for time worked and "overtime" wage for hours worked in excess of 40 hours per week, in violation of the FLSA.

3.      Count One of the Plaintiff's Amended Complaint is brought under Alabama's Workers' Compensation law and Count Two asserts a claim that does not arise under Alabama Workers' Compensation law. Because a claim that is removable (Count Two) is joined with a non-removable claim (Count One, non-removable by virtue of 28 U.S.C. § 1445(c)), this action may be removed, and the Court may remand the matter in which State law predominates, under 28 U.S.C. § 1441(c).

3

4. This Court has jurisdiction over the Plaintiff's FLSA claim because this Court has original jurisdiction over claims arising under the FLSA.

5. Removal to this Court is proper because an action under the FLSA that was initiated in a state court is removable to federal court.

(Doc. 1, at ¶¶ 2-5 (internal citations omitted))

4. Plaintiff filed her motion to remand on April 27, 2005. (Doc. 5)

Nelson sets forth her basis for remand on page 6 of her motion, as follows:

Plaintiff amended her complaint stating an additional legal claim against her employer under the FLSA, 29 U.S.C. § 201 *et seq.* The evidence gathered in support of her workers' compensation claim demonstrates that Ms. Nelson was working eighty (80) hours per week, that her doctor had advised her to take a vacation, that she injured her chest while lifting boxes in the line and scope of her employment, that her employer would not let her take off work to recover from her chest injury, and that shortly thereafter she suffered a stroke while performing her job duties. There is substantial evidence that the facts necessary to prove her employer's violations of the FLSA contributed to Ms. Nelson's stroke for which she seeks workers' compensation benefits.

The commonality of facts between Ms. Nelson's workers' compensation claim and her FLSA claim cannot support removal under the "separate and independent claim" requirement of 28 U.S.C. § 1441(c).

Furthermore, the Alabama Workers' Compensation Law predominates all matters in this case because 1) this Honorable Court lacks subject matter jurisdiction over Plaintiff's workers' compensation claim, and 2) the state court has concurrent original jurisdiction over Plaintiff's FLSA claim. As such, § 1441(c) cannot override the mandate of § 1445(c).

4

This entire case is due to be remanded as was ordered under analogous circumstances in *Priest v. Sealift Services International, Inc.*, 953 F.Supp. 363 (N.D. Ala. 1997) and *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp.2d 1270 (M.D. Ala. 2001).

(Doc. 5, at 6)[2]

## CONCLUSIONS OF LAW

1.       The starting point for this Court is the well-recognized principle that "[a]ny civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citation omitted), *abrogated on other grounds Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Reed v. Heil Co.*, 206 F.3d 1055, 1058 (11th Cir. 2000) ("Defendants can remove civil actions over which the federal courts would have had original jurisdiction."); *see* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."). However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed

---

[2]      The facts in this case are factually inapposite to those in *Priest* and *Brooks*; therefore, those cases provide no guidance to this Court regarding the proper disposition of plaintiff's motion to remand.

to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

2.    "[T]he removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted); *see also Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."); *Tapscott, supra* ("A removing defendant has the burden of proving the existence of federal jurisdiction.").

3.    In *Cogdell v. Wyeth*, 366 F.3d 1245 (2004), the Eleventh Circuit recognized the following three prerequisites for removal jurisdiction: (1) the case originated in state court; (2) the defendant removed the case to the proper federal district court; and (3) the federal district court to which the case was removed has original jurisdiction to entertain the suit. *Id*. at 1248. "If any one of these prerequisites is lacking, the district court can be said to lack removal jurisdiction." *Id*.

4.    In this case, plaintiff does not challenge the first two removal prerequisites;[3] rather, her sole argument is that this case is not one over which

───────────────

[3]    More to the point, it is clear that this case originated in state court; in fact, it had been pending in state court some three and one-half years prior to removal. In addition, this Court is the

this Court has original jurisdiction inasmuch as this Court lacks subject matter jurisdiction over her workers' compensation claim and the Circuit Court of Escambia County, Alabama has concurrent original jurisdiction over her FLSA claim. (*See* Doc. 5, at 6) "Only in this final [third] example would a lack of removal jurisdiction coincide with a lack of subject-matter jurisdiction[.]" *Cogdell, supra*, 366 F.3d at 1248.

5.      There can be no doubt, as contended by plaintiff, that "[f]ederal and state courts have concurrent jurisdiction over suits instituted under the FLSA." *In re Wal-Mart Employee Litigation*, 271 F.Supp. 1080, 1083 n.1 (E.D. Wis. 2003) (citation omitted); *see also* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). Nevertheless, the Supreme Court has specifically rejected the idea that concurrent jurisdiction precludes removal of a FLSA case. *Breuer v. Jim's Concrete of Brevard, Inc.,*

---

proper federal district court to which to remove the case since it sits in the district and division embracing Escambia County, Alabama. *See* SD ALA LR 3.1 ("As prescribed by 28 U.S.C. § 81, the Southern District of Alabama comprises two divisions. . . . (b) The Southern Division comprises the counties of Baldwin, Choctaw, Clarke, Conecuh, Escambia, Mobile, Monroe, and Washington. Court for the Southern Division shall be held in Mobile unless otherwise ordered by the court.").

538 U.S. 691, 699, 123 S.Ct. 1882, 1887,155 L.Ed.2d 923 (2003) ("Breuer,

then, cannot have a removal exception for the FLSA without entailing exceptions

for other statutory actions, to the point that it becomes just too hard to believe

that a right to 'maintain' an action was ever meant to displace the right to

remove."); *see also id.* at 693, 123 S.Ct. at 1884 ("The question is whether the

provision of the Fair Labor Standards Act of 1938 . . ., that suit under the Act

'may be maintained . . . in any Federal or State court of competent jurisdiction,'

. . . bars removal of a suit from state to federal court. We hold there is no bar.").

Because a defendant can remove civil actions over which this Court would have

original jurisdiction, 28 U.S.C. § 1441(a), and the foregoing discussion makes

clear that this Court has original jurisdiction over plaintiff's FLSA claim, *see*

*Breuer, supra*, 538 U.S. at 694, 123 S.Ct. at 1884 ("The FLSA provides that an

action 'may be maintained . . . in any Federal or State court of competent

jurisdiction,' § 216(b), and the district courts would in any event have original

jurisdiction over FLSA claims under 28 U.S.C. § 1331, as 'arising under the

Constitution, laws, or treaties of the United States,' and § 1337(a), as 'arising

under any Act of Congress regulating commerce."), Dolgencorp properly

removed this case to this Court when plaintiff amended her complaint and added

the FLSA claim. Therefore, this Court may exercise subject-matter jurisdiction

with respect to the FLSA claim pursuant to 28 U.S.C. § 1331.

6.      In light of the foregoing determination, the sole remaining issue for the Court is what to do with Nelson's workers' compensation claim. To be sure, "federal courts can exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the claim with original jurisdiction." *Reed, supra,* 206 F.3d at 1058 (citations omitted). As recognized in *Reed*, however, "[a] few actions . . . cannot be removed from state to federal court. Specifically, 28 U.S.C. § 1445(c)[4] bars the removal of claims from state court 'arising under the workmen's compensation laws' of the forum state." *Id*. (footnote added). Accordingly, Nelson's claim for worker's compensation benefits (Count One) is not subject to removal to this Court; the defendant's removal of this claim was improper. *Wall v. Kimberly-Clark*, 2000 WL 1367995, *1 (S.D. Ala. 2000) ("A claim for benefits under the Alabama worker's compensation laws is not subject to removal to federal district court. . . .   As such, Defendants' removal of Plaintiff's claim for worker's compensation benefits pursuant to the State of Alabama Worker's Compensation Act (Count One) was not proper."); *see also Reed, supra,* 206 F.3d at 1060-1061 ("Under the plain meaning of section 1445(c), claims raised under section 25-5-11.1 arise under Alabama's workers' compensation laws.

---

[4]      "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

Pursuant to this holding, we conclude that the federal court lacks subject matter jurisdiction to entertain Reed's retaliatory discharge claim; it **must** be remanded to state court."). Nelson's claim for workers' compensation benefits must be remanded to the Circuit Court of Escambia County, Alabama from whence it came. *Reed, supra*; *see also Barrow v. Harris Corp.,* 2004 WL 2713276, *2 (W.D. Tex. 2004) ("[I]n *Sherrod.* [*v. American Airlines, Inc.*, 132 F.3d 1112, 1118-1119 (5th Cir. 1998)], the Fifth Circuit held that where the worker's compensation retaliatory discharge claim was removed along with an Age Discrimination in Employment Act . . . claim, § 1445(c) prohibits removal of state worker's compensation claims regardless of whether jurisdiction is based on diversity or federal question. . . . Further, the Fifth Circuit concluded that the district court erred by failing to sever and remand the state worker's compensation claim. . . . This claim is controlled by *Sherrod*. The section 451 claim is SEVERED and REMANDED to the 150th Judicial District Court, Bexar County, Texas.").[5]

---

[5]     The plaintiff's most recent notice of conditional consent to the jurisdiction of this Court to handle both claims (Doc. 18) is simply unavailing because this Court lacks subject-matter jurisdiction to hear and rule upon plaintiff's claim for workers' compensation benefits under Alabama's Workers' Compensation Law. *Reed, supra*. This is particularly true where, as here, the trial court's merits-ruling was reversed on the basis that the court failed to enter findings of fact and conclusions of law. In other words, the state trial court's consideration of plaintiff's workers' compensation claim has already progressed to a merits-determination stage and it would be improper for this Court to now start anew the process for that claim. It is much more appropriate for this Court to return the workers'

## CONCLUSION

Plaintiff's motion to remand (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART**. This Court has subject-matter jurisdiction of plaintiff's FLSA claim (Count Two) but lacks subject-matter jurisdiction of her claim for workers' compensation benefits (Count One). It is **ORDERED** that Count One of plaintiff's first amended complaint be and the same hereby is **REMANDED** to the Circuit Court of Escambia County, Alabama from whence it came. This Court will retain jurisdiction of Nelson's FLSA claim asserted in her first amended complaint (Count Two) as that count was properly removed to this Court by the defendant and this Court may exercise jurisdiction pursuant to 28 U.S.C. § 1331.

**DONE** and **ORDERED** this the 30th day of June, 2005.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

compensation claim to the state court which stands ready to rule on the merits either through motion practice or a trial.